[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10377

Non-Argument Calendar

_____

SAMUEL LEE SMITH, JR.,

Plaintiff-Appellant,

*versus*

MARK H. SLIMAK,
Police,
MIAMI DADE POLICE DEPARTMENT,

Defendants-Appellees,

PALMETTO BAY POLICE DEPARTMENT, et al.,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-22990-CMA

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Samuel Smith, Jr., proceeding *pro se*, appeals the district court's January 29, 2025 order granting in part the defendants' motion to dismiss.

We lack jurisdiction over Smith's appeal because the January 29 order was not final and appealable, as one of Smith's claims remains pending before the district court. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (providing that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment). The order is also not effectively unreviewable on appeal from a final judgment resolving the case on the merits. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it,

25-10377                    Opinion of the Court                    3

*inter alia*, is "effectively unreviewable on appeal from a final judgment").

All pending motions are DENIED as moot.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.